525 P.2d 983

**Jim WARREN, Plaintiff-Appellant,**

v.

**Mark HANSEN and Janet Hansen, husband and wife, Defendants-Respondents.**

No. 11379.

Supreme Court of Idaho.

July 8, 1974.

Rehearing Denied Sept. 6, 1974.

Webb, Pike, Burton & Carlson, Twin Falls, for plaintiff-appellant.

Richard H. Seeley, Frank M. Rettig of Rettig & Fredericksen, Jerome, for defendants-respondents.

McQUADE, Justice.

This is an action for specific enforcement of a contract to convey real and personal property. The defendants-respondents, Mark and Janet Hansen, employed a real estate broker to sell their property.

The plaintiff-appellant, Jim Warren, transmitted a written contract entitled "Earnest Money Agreement," to purchase a 2,480 acre ranch and certain personal property through the broker to the respondents. The respondents signed the contract, but subsequently refused to convey the property. The appellant commenced this action seeking specific performance of the contract. The respondents filed a motion to dismiss which was denied and thereafter filed a verified answer. The appellant moved for partial summary judgment, but the trial court granted summary judgment to the respondents. The appellant appeals from that judgment.

The appellant contends that the only issue before this Court is the issue presented in his motion for partial summary judgment of whether the contract is specifically enforceable. The respondents argue that the summary judgment was based on the affirmative defenses pleaded in their answer, and that the defenses are the only issues before this Court. A review of the respondents' answer reveals that their affirmative defenses all dealt with the issue of whether the contract can be specifically enforced. There is no substantive difference between the appellant's and respondents' position of what issues were decided by the trial court and appealed to this Court. The question for this Court to decide is whether the trial court correctly held that the respondents were entitled to summary judgment.

The trial court's order for summary judgment states,

"[T]he court having considered the pleadings in the case, which include a Motion to Dismiss filed by the Defendants which was treated and disposed of as a Motion for Summary judgment, and having considered also the Affidavits of the Parties on file and the various memoranda of authorities and briefs heretofore submitted, and having heard the arguments in Court; and it appearing to the Court that the Defendants by their answer have pleaded several affirmative defenses entitling them to judgment as a

matter of law and equity, and Plaintiff not having controverted said defenses, and it further appearing that there is no genuine dispute of material facts as to said defenses.

"And the Parties having, through their respective counsel, agreed that there was no material fact in issue, joined in requesting that the Court decide the case finally [of] the basis of Plaintiff's Motion, even though it be in form of a summary judgment for Defendants without formal Motion therefor by the Defendants.

"And the matter having been submitted, and the Court being of the opinion that Plaintiff is not entitled to partial summary judgment as prayed for but that Defendants are entitled to full summary judgment in their favor[.]"

The parties stipulated there were no material issues of fact, and the trial court ruled as a matter of law that the contract was too ambiguous to specifically enforce. We agree.

The trial court's summary judgment for the respondents is affirmed.

Costs to respondents.

SHEPARD, C. J., and DONALDSON, McFADDEN, and BAKES, JJ., concur.